[Civ. No. 2514. First Appellate District.—October 5, 1918.]

## EASTERN OUTFITTING CO., INC., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CLAIM AND DELIVERY—APPEAL—STAY BOND.—Where in an action in claim and delivery against several defendants the complaint alleged that the defendants became possessed of the property in controversy, a judgment against all the defendants for the return of the property, or for its value in a stated sum in case a delivery could not be made, rested on the implied finding that all the defendants had become possessed of the property, and the perfecting of an appeal and filing of a stay bond by one of the defendants stayed all further proceedings in the trial court upon the judgment.

PROCEEDING in Certiorari to review an order of the Superior Court of the City and County of San Francisco, recalling a writ of execution. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Wm. Tomsky, for Petitioner.

Lloyd S. Ackerman, for Respondents.

STURTEVANT, J., *pro tem.*—This is an application for a writ of review to cancel an order recalling a writ of execution. The basic case was in claim and delivery. The plaintiffs alleged that "the *defendants* became possessed" of the property in controversy, which consisted of certain household furnishings. The defendants, Myers, Gray, and Goldstein, admitted, by failure to deny, that allegation. January 24, 1918, the trial court awarded judgment against all of the *defendants* for the return of the property of the plaintiff or for $750, the value in case a delivery could not be made. Thereafter the defendant, Goldstein, duly and regularly appealed and furnished a bond in proper form as required by section 943 of the Code of Civil Procedure. The defendants, Myers and Gray, did not appeal. June 7, 1918, the plaintiff took out an execution, and, two days later, on the motion of the defendant, Goldstein, the trial court made an order recalling the writ of execution. The plaintiff then commenced this

proceeding. When the trial court entered its judgment against all the *defendants*, such judgment rested on the implied finding that all of the *defendants* had "become possessed" of the property in controversy. Under such possession the rights and liabilities of the defendants were joint and not several.. (Civ. Code, sec. 1431.) The rights and liabilities of the defendant, Goldstein, extended to every jot and tittle of each article in controversy. If, therefore, a writ of. execution should issue to take possession of said articles, the levy would disturb the possession of the defendant, Goldstein, at least in part. But, when he had fully perfected his appeal and had filed the stay bond required in such cases, the effect of the appeal was to stay all further proceedings in the trial court upon the judgment. (Code Civ. Proc., sec. 946.) The writ is denied.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.